Robert Farris-Olsen
David K.W. Wilson, Jr.
MORRISON, SHERWOOD, WILSON & DEOLA
P.O. Box 557
401 N. Last Chance Gulch
Helena, MT 59624
(406) 442-3261
(406) 443-7294 Facsimile
rfolsen@mswdlaw.com
kwilson@mswdlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, HELENA DIVISION

| | |
|---|---|
| ELVIS A. JOHNSON <br><br>       Plaintiff, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, EQUIFAX, INC., TRANSUNION, LLC, and DOES I-V, <br><br>       Defendants | Cause No._____ <br><br><br> **COMPLAINT AND JURY DEMAND** |

Comes now Elvis A. Johnson ("Mr. Johnson"), though counsel, and for his Complaint against Defendants PHH Mortgage Corporation ("PHH"), Equifax and TransUnion, states and alleges as follows:

### PARTIES

1.     Johnson is a resident of Helena, Lewis and Clark County, Montana.

1

Case 6:08-cv-08000-EDL Document 254 Filed 11/7/17 Page 2 of 10

2.      PHH is a mortgage origination and servicing company, which is organized and existing under the laws of New Jersey.

3.      Defendant Equifax, Inc., is a foreign corporation duly registered to do business in the State of Montana.

4.      Defendant TransUnion, LLC, (TransUnion) is a foreign corporation duly authorized to do business in the State of Montana.

5.      Defendants Does I-V are individuals or entities that may be responsible for all or some of Plaintiff's damages, including, but not limited to the notary identified in Paragraph 39 of this Complaint.

## JURISDICTION AND VENUE

6.      Equifax and TransUnion are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. PHH is a "furnisher" of information, as that term is used at 15 U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to the Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq*. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendants are also liable to the Plaintiff pursuant to the laws of the State of

Case 6:08-cv-08000-E Document 254 Filed 11/7/17 Page 3 of 10

Montana, which claims may be brought under the pendant jurisdiction of this Court.

7.    Venue is proper in the Helena Division, pursuant to Local Rule 3.2(b), and § 25-2-121, MCA in that the Plaintiff resides in, and the Defendants do business in the Helena Division.

## FACTS

8.    On or about June 2, 2010, Johnson purchased his property at 543 Guettler Road, Helena, Lewis and Clark County, Montana with a loan from Stockman Bank. The loan was secured by a deed of trust on the property. His ex-partner Allison Sturm also signed the deed of trust.

9.    Johnson made all his payments from the loans inception until September 2014.

10.    Johnson missed his first payments in September and October 2014 due to an unexpected death in the family and the associated travel and funeral costs.

11.    In November 2014, Johnson contacted PHH to get advice on his options to avoid foreclosure.

12.    Over the next 18 months or so, Mr. Johnson applied for a loan modification, and was eventually approved for a trial period loan modification plan on or about June 1, 2016.

Case 6:08-cv-08000-SEH Document 254 Filed 11/7/17 Page 4 of 10

13.     Mr. Johnson made his payments under the trial period plan, and was approved for a permanent loan modification.

14.     On or about October 3, 2016, PHH sent Mr. Johnson the permanent modification paperwork. Pursuant to the modification terms, PHH capitalized Mr. Johnson's arrearages and other costs into a new principal balance of $165,351.34.

15.     By the terms of the permanent modification, if Mr. Johnson signed the document, his loan would be considered current, and he would only be in default if he did "not comply with the terms" of the modification."

16.     Mr. Johnson executed the agreement on or about October 16, 2016, and returned it to PHH.

17.     PHH executed the agreement on or about November 8, 2016, and returned a fully executed copy to Mr. Johnson. Mr. Johnson has remained current on his loan since that time.

18.     Following the loan modification, Equifax and TransUnion reported Mr. Johnson as delinquent on his loan.

19.     In particular, on or about June 25, 2017, Equifax was reporting Mr. Johnson as 180 days past due, that it had a balance of $144,210, that his last payment was made in September 2014, and it had no data on payments following December 2015. All of this information was in error, as Mr. Johnson had not missed a payment on the loan since the beginning of the trial period plan.

Case 6:08-cv-08000-SEH Document 254 Filed 11/7/17 Page 5 of 10

20.     TransUnion was mis-reporting various aspects of the loan as well. As of June 25, 2017, TransUnion was reporting the loan as 120-149 days past due, with the last reported data from December 2015, and the last payment date in September 2014. TransUnion also reported that the loan had a $0.00 balance. This information was incorrect.

21.     In response to Equifax and TransUnions misreporting, Mr. Johnson sent disputes to both entities on or about July 11, 2017. He included a copy of his loan modification agreement with each dispute.

22.     In the dispute, Mr. Johnson requested that Equifax and TransUnion correct the reports to show that he was current at least as far back as November 1, 2016, that he was under a full modification agreement, and that his balance as of November 1, 2016, was $165,351.34.

23.     TransUnion and Equifax conveyed the disputes to PHH. PHH did not correct the errors, and instead verified that they were reported accurately.

24.     TransUnion responded to Mr. Johnson's dispute on or about July 28, 2017. TransUnion stated that it was updating the information, but failed to do so. In fact, TransUnion continued to report the debt as 120 days past due, that the balance was $154,985, and that Mr. Johnson had not made any payments since September 2014.

Case 6:08-cv-08000-SEH Document 254 Filed 11/17/17 Page 6 of 10

25.    Similarly, Equifax did not correct the reports. Equifax did not update Mr. Johnson's payment history to show payments being made. Instead, Equifax updated the account to show there was no data available from February 2016 onward, and it identified that Mr. Johnson had made a payment in July 2017, but that the payment was $0.

26.    Defendants' actions, as described herein, harmed Johnson. His damages include, but are not limited to, damage to his credit; his lost time and income; and emotional distress.

## CAUSES OF ACTION AGAINST EQUIFAX

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

27.    The preceding paragraphs are realleged as though set forth in full hereunder.

28.    Defendant Equifax violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of the Plaintiff's disputes of the inaccurate PHH reporting on his credit reports, despite abundant proof provided by Plaintiff accompanying the dispute correspondence.

29.    Equifax has also willfully and/or negligently violated 15 U.S.C. § 1681e (b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiff.

30.     Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, Equifax's

actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to

recovery for his actual damages as well as attorneys' fees and costs.

31.     In addition, Equifax's actions in willfully violating the Fair Credit Reporting

Act entitle the Plaintiff to the recovery of actual damages, punitive damages,

attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

32.     Equifax also maliciously and/or willfully defamed the Plaintiff by its

continued publications of the erroneous and derogatory information to third parties

after it knew or should have known that PHH was incorrectly reporting the debt.

33.     Equifax's actions and omissions are evidence of its recklessness, gross

negligence, and wanton disregard for the Plaintiff's rights, personal and financial

safety, credit reputation and good name, as well as his emotional well-being.

## CAUSES OF ACTION AGAINST TRANSUNION

## COUNT II – VIOLATION OF THE FAIR CREDIT REPORTING ACT

34.     The preceding paragraphs are realleged as though set forth in full hereunder.

35.     Defendant TransUnion violated 15 U.S.C. § 1681i of the Fair Credit

Reporting Act by negligently and/or willfully failing to perform a reasonable

investigation of the Plaintiff's disputes of the inaccurate PHH reporting on his

credit reports, despite abundant proof provided by Plaintiff accompanying the

dispute correspondence.

7

36.     TransUnion has also willfully and/or negligently violated 15 U.S.C. § 1681e (b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiff.

37.     Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, TransUnion's actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery for his actual damages as well as attorneys' fees and costs.

38.     In addition, TransUnion's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

39.     TransUnion also maliciously and/or willfully defamed the Plaintiff by its continued publications of the erroneous and derogatory information to third parties after it knew or should have known that PHH was incorrectly reporting the debt.

40.     TransUnion's actions and omissions are evidence of its recklessness, gross negligence, and wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as his emotional well-being.

## CAUSES OF ACTION AGAINST PHH

## COUNT III – VIOLATION OF THE FAIR CREDIT REPORTING ACT

41.     The preceding paragraphs are realleged as though set forth in full hereunder.

42.     After receiving a consumer dispute from a consumer reporting agency, a

Case 6:08-cv-08000-SEH Document 254-1 Filed 11/17/17 Page 9 of 10

creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681s(2)(B).

43.     Following disputes by the Plaintiff, Equifax and TransUnion conveyed his disputes to PHH by computer or otherwise. PHH failed to conduct a reasonable reinvestigation of the Plaintiff's account, failed to change its reports, and continued to inaccurately report the PHH account. The outcome of all correspondence and conversations was the same; PHH failed to change its reports, and continued to inaccurately report the PHH debt.

44.     PHH is liable to the Plaintiff for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

## COUNT IV – PUNITIVE DAMAGES

45.     The preceding paragraphs are realleged as though set forth in full hereunder.

46.     As a result of Defendants' violations of the Fair Credit Reporting Act and their malicious defamations of the Plaintiff's good name, the Plaintiff is entitled to an award of punitive damages under the FCRA for the actions of the Defendants as set forth herein.

Case 6:08-cv-08000-SEH   Document 254   Filed 11/17/17   Page 10 of 10

## PRAYER FOR RELIEF

WHEREFORE, Johnson prays for Judgment against Defendants as follows:

1. For actual damages;

2. For attorneys' fees and costs, pursuant to 15 U.S.C. 1681n and 1681o,

3. For punitive damages, pursuant to 15 U.S.C. 1681n

4. For any applicable statutory damages; and,

5. For such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to F. R. Civ. P 38, Plaintiff hereby demands a jury by trial.

DATED this 17th day of November, 2017.

MORRISON, SHERWOOD, WILSON & DEOLA

By___/s/ Robert Farris-Olsen_____
        Robert Farris-Olsen
        *Attorney for Plaintiff*

10